FILED
CLERK, U.S. DISTRICT COURT

JUN 21 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2016 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MARQUIS ASHLEY,<br>　aka "Qwice,"<br>SHELVIN JONES,<br>　aka "Jay,"<br>　aka "Jay Dub,"<br>HUBBARD BELL, and<br>DARRELL LARON HARDY.<br><br>　　　　Defendants. | CR No. 17-17CR00393<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 18 U.S.C. § 922(o)(1): Possession of a Machinegun; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv), (b)(1)(B)(iv): Distribution of Phencyclidine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Heroin] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.　OBJECT OF THE CONSPIRACY

　　Beginning on a date unknown to the Grand Jury, and continuing until on or about June 14, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARQUIS

ASHLEY, also known as ("aka") "Qwice" ("ASHLEY"), SHELVIN JONES, aka "Jay" aka "Jay Dub" ("JONES"), HUBBARD BELL ("BELL"), and DARRELL LARON HARDY ("HARDY"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly, intentionally, and willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants JONES and BELL would obtain firearms.
2. Defendants JONES and BELL would transport, or arrange the transportation of, firearms to the Los Angeles area for sale.
3. Defendants ASHLEY and HARDY would store firearms for sale in the Los Angeles area.
4. Defendant ASHLEY would arrange the sale of the firearms.
5. Defendants ASHLEY, JONES, and BELL would sell the firearms.

C.  OVERT ACTS

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants ASHLEY, JONES, BELL, and HARDY, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles County, within the Central District of California, and elsewhere, including, but not limited to, the following:

MAY 16, 2016 FIREARMS TRANSACTION

1. On April 19, 2016, defendant ASHLEY sent a text message containing a photograph of a firearm available for sale to an

individual who defendant ASHLEY believed was a firearms customer but who was, in fact, a confidential source ("CS") working at the direction of law enforcement.

   2.   On April 26, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

   3.   On May 16, 2016, defendant ASHLEY met the CS at a parking lot located at 17220 Lakewood Boulevard, Bellflower, California.

   4.   On May 16, 2016, defendant ASHLEY got into the CS's car.

   5.   On May 16, 2016, while in the CS's car, defendant ASHLEY sold the CS an AR-15/M4 style, .223 caliber rifle, bearing no serial number, for $1,500.

   6.   On May 16, 2016, defendant ASHLEY discussed future firearms transactions with the CS, explaining that his source of supply could provide additional firearms.

JUNE 9, 2016 FIREARM SALE

   7.   On May 30, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of a firearm available for sale.

   8.   On June 6, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California to arrange a firearms transaction.

   9.   On June 8, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

   10.  On June 9, 2016, defendant ASHLEY met with the CS at a parking lot in Compton, California.

   11.  On June 9, 2016, defendant ASHLEY and the CS discussed future firearms transactions.

   12.  On June 9, 2016, defendant ASHLEY placed a call, in the presence of the CS, to defendant ASHLEY's firearms source of supply to determine whether additional firearms could be purchased that day.

13. On June 9, 2016, defendant ASHLEY sold the CS a Heckler & Koch, model USP, .40 caliber pistol, bearing serial number 22-24097, for $860.

JUNE 29, 2016 FIREARM SALE

14. On June 28, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of a firearm available for sale.

15. On June 29, 2016, defendant ASHLEY met with the CS at a parking lot at 501 East Albertoni Street, in Carson, California.

16. On June 29, 2016, defendant ASHLEY placed a box in the CS's car containing a Glock, model 30, .45 caliber pistol, bearing serial number HUB380.

17. On June 29, 2016, defendant ASHLEY got into the CS's car where he completed the sale of the .45 caliber Glock pistol to the CS for $600.

OCTOBER 20, 2016 FIREARMS SALE

18. On September 30, 2016, defendant JONES flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction.

19. On September 30, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting seven firearms in his checked luggage.

20. On October 4, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting eight firearms in his checked luggage.

21. On October 9, 2016, defendant JONES flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction.

22. On October 9, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting ten firearms in his checked luggage.

23. On October 9, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

24. On October 10, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

25. On October 14, 2016, defendant JONES flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction.

26. On October 14, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting 15 firearms in his checked luggage.

27. On October 18, 2016, defendant ASHLEY met with the CS at the Compton Town Center in Compton, California.

28. On October 18, 2016, defendant ASHLEY and the CS discussed a potential firearms transaction, during which defendant ASHLEY placed a phone call to his firearms source of supply.

29. On October 18, 2016, defendant ASHLEY and the CS discussed the CS meeting with defendant ASHLEY's firearms source of supply on October 20, 2016.

30. On October 18, 2016, defendant ASHLEY and the CS discussed the purchase of 10 semi-automatic handguns from defendant ASHLEY's firearms source of supply for approximately $6,000.

31. On October 20, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting a firearm in his checked luggage.

32. On October 20, 2016, after meeting at a preliminary location, defendant ASHLEY and the CS drove their respective cars to 16931 Billings Drive, Carson, California ("defendant Hardy's residence").

33. On October 20, 2016, a phone subscribed to defendant ASHLEY placed a call to a phone subscribed to defendant HARDY.

34. On October 20, 2016, defendant ASHLEY carried a small case and a rifle case from the residence at defendant HARDY's residence, to the CS's car.

35. On October 20, 2016, defendant ASHLEY sold the CS a Romarm/Cuguir, model Draco, AK-47 style, .762 caliber pistol, bearing an obliterated serial number; a Romarm/Cuguir, model Draco, AK-47 style, .762 caliber pistol, bearing an obliterated serial number; a Smith & Wesson, model SD40VE, .40 caliber pistol, bearing an obliterated serial number; and a Smith & Wesson, model SD40VE, .40 caliber pistol, bearing an obliterated serial number, a Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number; a Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number; and a Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number for $6,300.

ADDITIONAL TRANSPORTATION OF FIREARMS AND MEETING BETWEEN DEFENDANT JONES AND CS

36. On November 3, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting three firearms in his checked luggage.

37. On November 7, 2016, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting a firearm in his checked luggage.

38. On November 27, 2016, defendant ASHLEY sent defendant JONES approximately $500 via Walmart money transfer.

39. On December 7, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

40. On December 22, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

41. On February 8, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of a firearm available for sale.

42. On February 15, 2016, defendant ASHLEY sent a text message to the CS containing a photograph of firearms available for sale.

43. On February 24, 2017, defendant ASHLEY met with the CS to discuss a future firearms transaction.

44. On February 24, 2017, in the presence of the CS, defendant ASHLEY placed a video-telephone call to his firearms source of supply to discuss potential firearms purchases.

45. On February 24, 2017, defendant ASHLEY referred to his firearms source of supply as "Jay."

46. On February 25, 2017, defendant BELL flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction, while transporting a firearm in his checked luggage.

47. On February 25, 2017, defendant JONES flew from Houston, Texas to Los Angeles, California, to arrange a firearms transaction.

48. On March 9, 2017, defendant BELL traveled from Houston, Texas to Las Vegas, Nevada.

49. On March 9, 2017, defendant BELL met with defendant JONES at the McCarran International Airport in Las Vegas, Nevada.

50. On March 16, 2017, defendant ASHLEY provided the CS with the telephone number for his firearms source of supply (defendant JONES).

51. On March 16, 2017, defendant JONES spoke with the CS.

52. On March 23, 2017, defendant JONES rented a green Kia from Fox Rent-A-Car.

53. On March 23, 2017, defendant JONES drove the rental car to meet with the CS in Hawthorne, California.

54. On March 23, 2017, defendant JONES asked the CS to provide a truck driver to transport firearms from Texas to Los Angeles, California.

55. On March 23, 2017, defendant JONES and the CS discussed future firearms transactions.

MAY 1, 2017 FIREARMS SALE

56. On April 25, 2017, defendant JONES sent the CS a text message containing a video of a firearm being discharged.

57. On May 1, 2017, defendant BELL rented a Kia SUV from Fox Rent-A-Car to be driven to the firearms transaction.

58. On May 1, 2017, defendants BELL and JONES arrived at the Gateway Town Center parking lot in Compton, California in the Kia SUV rented by defendant BELL.

59. On May 1, 2017, defendant ASHLEY arrived at the Gateway Town Center parking lot in Compton, California, for the purpose of engaging in a firearms transaction.

60. On May 1, 2017, defendants ASHLEY and JONES got into the CS's car while defendant BELL walked to the other end of the parking lot to serve as a lookout during the firearms transaction.

61. On May 1, 2017, defendants ASHLEY and JONES showed the CS the various firearms they were offering for sale, including what was described as a "fully," (i.e. a fully automatic firearm, otherwise known as a machinegun).

62. On May 1, 2017, defendant JONES provided the CS with a bag containing a AR-15/M4 style, .223 caliber rifle, bearing no serial

number; a Ruger, model LCP, .380 caliber pistol, bearing an obliterated serial number; and 29 rounds of ammunition.

63. On May 1, 2017, defendant BELL waited for defendant JONES to complete the transaction and drove defendant JONES away from the transaction.

MAY 12, 2017 FIREARMS TRANSACTION

64. On May 12, 2017, defendant ASHLEY arrived at the Gateway Town Center parking lot in Compton, California.

65. On May 12, 2017, defendant ASHLEY removed a black duffle bag from his car before getting into the CS's car.

66. On May 12, 2017, defendant ASHLEY discussed with the CS various firearms contained in the black duffle bag.

67. On May 12, 2017, defendant ASHLEY sold the CS two Inter Ordinance, model Sporter, .762 caliber pistols, bearing no serial numbers; a Radical Firearms, model RF-15, .223/.556 caliber pistol, bearing serial number RFT01214; two Kel-Tec, model PLR16, .556 caliber pistols, bearing no serial numbers; and a Romarm/Cugir, model Micro Draco, .762 caliber pistol, bearing no serial number, for $8,000.

JUNE 2017 SEIZURES

68. On June 8, 2017, at Los Angeles International Airport, defendant JONES possessed a Colt model Government .45 caliber pistol, with serial number SS29695E, a HS Products model XD 40 .40 caliber pistol, with serial number MG186707, and approximately $9,803 cash.

69. On June 9, 2017, defendant ASHLEY possessed a Smith & Wesson .38 caliber revolver, with serial number CWM7907; a Century Arms International C39 7.62x39 mm caliber pistol, with no serial number; and 5 rounds of Remington .38 caliber ammunition.

70.     On June 9, 2017, defendant HARDY possessed a Smith & Wesson model 60 .38 special caliber revolver, with serial number BNN2973; and a Mossberg model 500 12-gauge shotgun, with serial number V0057980, as well as approximately 686 rounds of ammunition and firearms accessories.

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

Between on or about May 16, 2016, and on or about June 9, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARQUIS ASHLEY, also known as ("aka") "Qwice," SHELVIN JONES, aka "Jay," aka "Jay Dub," HUBBARD BELL, and DARRELL LARON HARDY, not being licensed as importers, manufacturers, or dealers in firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms on or about the following dates:

| DATE | FIREARMS |
| --- | --- |
| May 16, 2016 | An AR-15/M4 style, .223 caliber rifle, bearing no serial number. |
| June 9, 2016 | A Heckler & Koch, model USP, .40 caliber pistol, bearing serial number 22-24097. |
| June 29, 2016 | A Glock, model 30, .45 caliber pistol, bearing serial number HUB380. |
| October 20, 2016 | (1) A Romarm/Cuguir, model Draco, AK-47 style, .762 caliber pistol, bearing an obliterated serial number;<br><br>(2) A Romarm/Cuguir, model Draco, AK-47 style, .762 caliber pistol, bearing an obliterated serial number;<br><br>(3) A Smith & Wesson, model SD40VE, .40 caliber pistol, bearing an obliterated serial number;<br><br>(4) A Smith & Wesson, model SD40VE, .40 caliber pistol, bearing an obliterated serial number; |

11

| DATE | FIREARMS |
|---|---|
|  | (5) A Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number;<br><br>(6) A Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number; and<br><br>(7) A Kahr, model CT40, .40 caliber pistol, bearing an obliterated serial number. |
| May 1, 2017 | (1) An AR-15/M4 style, .223 caliber rifle, bearing no serial number; and<br><br>(2) A Ruger, model LCP, .380 caliber pistol, bearing an obliterated serial number. |
| May 12, 2017 | (1) An Inter Ordinance, model Sporter, .762 caliber pistol, bearing no serial number;<br><br>(2) An Inter Ordinance, model Sporter, .762 caliber pistol, bearing no serial number;<br><br>(3) A Radical Firearms, model RF-15, .223/.556 caliber pistol, bearing serial number RFT01214;<br><br>(4) A Kel-Tec, model PLR16, .556 caliber pistol, bearing no serial number;<br><br>(5) A Kel-Tec, model PLR16, .556 caliber pistol, bearing no serial number; and<br><br>(6) A Romarm/Cugir, model Micro Draco, .762 caliber pistol, bearing no serial number. |

## COUNTS THREE THROUGH FIVE

[18 U.S.C. § 922(g)(1)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant MARQUIS ASHLEY, also known as "Qwice" ("ASHLEY"), knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| Count | Date | Firearms |
|---|---|---|
| THREE | May 1, 2017 | (1) An AR-15/M4 style, .223 caliber rifle, bearing no serial number; and<br><br>(2) A Ruger, model LCP, .380 caliber pistol, bearing an obliterated serial number. |
| FOUR | May 12, 2017 | (1) An Inter Ordinance, model Sporter, .762 caliber pistol, bearing no serial number;<br><br>(2) An Inter Ordinance, model Sporter, .762 caliber pistol, bearing no serial number;<br><br>(3) A Radical Firearms, model RF-15, .223/.556 caliber pistol, bearing serial number RFT01214;<br><br>(4) A Kel-Tec, model PLR16, .556 caliber pistol, bearing no serial number;<br><br>(5) A Kel-Tec, model PLR16, .556 caliber pistol, bearing no serial number; and<br><br>(6) A Romarm/Cugir, model Micro Draco, .762 caliber pistol, bearing no serial number. |
| FIVE | June 9, 2017 | (1) A Smith & Wesson, model Bodyguard, .38 caliber revolver, bearing serial number CWM7907;<br><br>(2) A Century Arms International, model C39, 7.62x39 mm caliber pistol, bearing no serial number; and<br><br>(3) Five rounds of Remington .38 caliber ammunition. |

13

Such possession occurred after defendant ASHLEY had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Carrying a Loaded Firearm in Vehicle, in violation of California Penal Code Section 25850(a), in the Superior Court of the State of California, County of Los Angeles, case number NA104959, on or about November 21, 2016.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about June 9, 2017, in Los Angeles County, within the Central District of California, defendant DARRELL LARON HARDY ("HARDY"), knowingly possessed the following firearms, each in and affecting interstate and foreign commerce:

1. a Smith & Wesson, model 60, .38 special caliber revolver, bearing serial number BNN2973; and
2. a Mossberg, model 500, 12-gauge shotgun, bearing serial number V0057980.

Such possession occurred after defendant HARDY had been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Pimping, in violation of California Penal Code Section 266h(a), in the Superior Court of the State of California, County of Los Angeles, case number BA438619, on or about March 1, 2016.

## COUNT SEVEN

[26 U.S.C. § 5681(d)]

On or about May 16, 2016, in Los Angeles County, within the Central District of California, defendant MARQUIS ASHLEY, also known as "Qwice" ("ASHLEY"), knowingly possessed a firearm, namely, an AR-15/M4 style, .223 caliber rifle, bearing no serial number, which defendant ASHLEY knew to be a firearm, in that it was a rifle having a barrel of less than 16 inches in length, as defined in Title 26, United States Code, Sections 5845(a) and 5845(c), and which had not been registered to defendant ASHLEY in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

## COUNT EIGHT

[18 U.S.C. § 922(o)]

On or about May 1, 2017, in Los Angeles County, within the Central District of California, defendants MARQUIS ASHLEY, also known as ("aka") "Qwice" ("ASHLEY") and SHELVIN JONES, aka "Jay," aka "Jay Dub" ("JONES"), knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), namely, an AR-15/M4 style, fully automatic, .223 caliber rifle, bearing no serial number.

## COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iv)]

On or about May 12, 2016, in Los Angeles County, within the Central District of California, defendant MARQUIS ASHLEY, also known as "Qwice," knowingly and intentionally distributed at least 100 grams, that is, approximately 633 grams, of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), a Schedule II controlled substance.

## COUNT TEN

### [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about June 29, 2016, in Los Angeles County, within the Central District of California, defendant MARQUIS ASHLEY, also known as "Qwice," knowingly and intentionally distributed heroin, a Schedule I narcotic drug controlled substance.

## COUNT ELEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iv)]

On or about August 24, 2016, in Los Angeles County, within the Central District of California, defendant MARQUIS ASHLEY, also known as "Qwice," knowingly and intentionally distributed more than one kilogram, that is, approximately 2,620 grams, of a mixture and substance containing a detectable amount of phencyclidine ("PCP"), a Schedule II controlled substance.

A TRUE BILL

/S/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
Enforcement Task Force Section

CAROL A. CHEN
Assistant United States Attorney
Deputy Chief, Organized Crime
Drug Enforcement Task Force
Section

JOSEPH D. AXELRAD
Assistant United States Attorney
Organized Crime Drug Enforcement
Task Force Section